An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

KIRK EVAN REAMES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61091

FILED

MAR 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of battery constituting domestic violence—strangulation. Eighth Judicial District Court, Clark County; J. Charles Thompson, Senior Judge.

Appellant argues that while he was justifiably convicted of battery constituting domestic violence, insufficient evidence supported the strangulation allegation because the victim was not seriously injured. We disagree because the evidence, when viewed in the light most favorable to the prosecution, is sufficient to support the offense as charged beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); McNair v. State, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). NRS 200.481(1)(a) defines battery as "any willful and unlawful use of force or violence upon the person of another." See NRS 33.018 (defining acts of domestic violence). That statute defines strangulation as "intentionally impeding the normal breathing or circulation of the blood by applying pressure on the throat or neck or by blocking the nose or mouth of another person in a manner that creates a risk of death or substantial bodily harm." NRS 200.481(1)(h). Here, the victim testified that appellant put

SUPREME COURT
OF
NEVADA

(O) 1947A

13-07631

his hands on her throat and squeezed for what "felt like an eternity." She could not breathe but did not lose consciousness. Appellant also placed a pillow over her face, preventing her from breathing. A medical expert testified that constant compression on blood vessels in the neck could render an individual unconscious in 10 seconds and dead in two minutes. Contrary to appellant's suggestion, injury to the victim is not required to prove the offense; rather, a risk of death or substantial bodily harm is sufficient. Because the evidence presented satisfies the definition of strangulation, appellant's argument lacks merit. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.        _____, J.
Douglas                                          Saitta

cc:    Chief Judge, Eighth Judicial District Court
       Hon. J. Charles Thompson, Senior Judge
       Clark County Public Defender
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk